IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 19-cv-02137-REB

ELEANOR SUE WUNKER,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

    Defendant.

# ORDER REVERSING DISABILITY DECISION AND REMANDING TO COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed July 26, 2019, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*[2] I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she is disabled as a result of a number of impairments, most relevantly for purposes of this appeal, migraines. After her application for disability

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Although the parties consented to have the matter referred to and determined by a United States magistrate judge (*see* [#13], filed September 24, 2019), I exercise my discretion under **D.C.COLO.LAPR** 72.2(d) to decline to enter an order of reference under 28 U.S.C. § 636(c).

insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on June 4, 2018.  At the time of the hearing, plaintiff was 66 years old.  She has a college degree and past relevant work experience as a mortgage loan processor, receptionist, and administrative clerk.  She has not engaged in substantial gainful activity since January 31, 2014, her alleged date of onset.

The ALJ found plaintiff was not disabled prior to her date last insured[3] and therefore that she was not entitled to disability insurance benefits.  Although the evidence established plaintiff's migraines were a  severe impairment, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations.[4]  The ALJ found plaintiff had the residual functional capacity to perform a range of sedentary work with certain environmental limitations.  As those restrictions were not inconsistent with plaintiff's past relevant work, the ALJ found her not disabled at step four of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social

---

[3] Plaintiff had acquired sufficient quarters of coverage to remain insured through March 31, 2018. She thus had to establish that she was disabled on or before that date.

[4] A number of other physical impairments also were found to be severe.  Plaintiff's alleged mental impairments were found to be non-severe.  Plaintiff has not contested any of these determinations on appeal.

2

Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  **Id.**

## III. LEGAL ANALYSIS

Alleging essentially a single point of error, plaintiff claims the ALJ erred by failing to consider the impact of her migraines, an impairment the ALJ determined to be severe at step two of the sequential analysis, in formulating her residual functional capacity at step four.[5]  I concur, and therefore reverse.[6]

"[R]esidual functional capacity is the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).  Residual functional capacity is assessed "based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), "including medical records, observations of treating physicians and others, and plaintiff's own description of [her] limitations," **Noble v. Callahan**, 978 F.Supp. 980, 987 (D. Kan. 1997).  The ALJ must consider the combined effect of all impairments, both severe and non-severe, in assessing a claimant's residual functional capacity.  **See** 20 C.F.R. § 404.1523(c).

---

[5]  At step three of the sequential analysis, the ALJ merely noted that there is no specific listing for migraine headaches.  (Tr. at 20.)  While true, this fact does not absolve the ALJ of the duty to consider the question of medical equivalence at step three.  Although there is no separate listing for migraines, the Commissioner has stated that the most analogous listing is section 11.03, which sets forth criteria for non-convulsive epilepsy.  **See** 20 C.F.R. Pt. 404, Subpt. P, app. 1, § 11.03.  **See also Thomas v. Colvin**, 69 F.Supp.3d 1174, 1178 (D. Colo. 2014).  To ensure full and fair consideration of this severe impairment, the ALJ should address this issue on remand, which may require her to obtain the opinion of a state agency physician.  **See Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996) ("[L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight."); **Carbajal v. Astrue**, 2011 WL 2600984 at *3 (D. Colo. June 29, 2011) ("Although . . . the burden is on plaintiff to demonstrate her impairment meets or equals a listing at step three, [Social Security Ruling] 96-6p requires the ALJ to develop the record by receiving a medical opinion on the issue.").

[6]  Because I found this issue dispositive, I will not consider other issues that may be impacted by a subsequent administrative decision on remand.  **See Watkins v. Barnhart**, 350 F.3d 1297, 1299 (10th Cir. 2003).

Despite the meticulous and thorough nature of the ALJ's analysis otherwise, I cannot say she properly considered the impact of plaintiff's migraines. The entirety of the ALJ's discussion of the issue consists of the following: "The claimant has reported migraines to her treating sources, as discussed in detail below. However, there is no medical evidence to corroborate her allegation that she had two migraines a week in 2014." (Tr. at 23.) This representation is not only insufficient, it is factually inaccurate. The record is replete with references to plaintiff's migraine headaches, as well as headaches related to her spinal impairments. (***See, e.g.***, Tr. at 233-234, 288, 325, 385, 391, 393, 420, 436, 467, 470-473, 477, 483, 537, 554, 565, 582, 584, 586, 588, 590, 592, 628, 657, 674, 736, 757, 789, 792, 837, 840, 873, 875, 877, 886, 916, 1021, 1054, 1057.) These consistent reports are themselves some evidence that plaintiff actually suffers from frequent migraines, and no treating source has ever suggested plaintiff is malingering or exaggerating her symptoms. Moreover, although the ALJ did mention plaintiff's headaches in discussing the medical evidence of her other severe impairments, she never plainly or fully articulated how she deemed the record inadequate to support plaintiff's allegations regarding the effects of her headaches on her functional ability.

The Commissioner nevertheless insists the record as a whole contains substantial evidence demonstrating that plaintiff's symptoms were treatable (although admittedly with only limited success), that her medications were effective to some degree, and that she continued to work part-time (although not at a level sufficient to constitute substantial gainful activity) during her alleged period of disability. He further suggests the opinion of Dr. Paul Barrett, on which the ALJ relied in formulating plaintiff's

6

residual functional capacity (*see* Tr. at 26), adequately accounts for plaintiff's migraine symptoms by imposing environmental limitations on her ability to work.

All this may be true, but none of it was considered or addressed by the ALJ, and the Commissioner's *post hoc* efforts to articulate a basis for the ALJ's conclusions are not a substitute for proper consideration at the administrative level. **See Grogan v. Barnhart**, 399 F.3d 1257, 1263 (10th Cir. 2005). Although the court "may uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned," it may not "supply a reasoned basis for the agency's action that the agency itself has not given." **Musick v. Astrue**, 2013 WL 441064 at *9 (D. Kan. Feb. 5, 2013) (quoting **Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co.**, 463 U.S. 29, 43, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443 (1983)) (internal quotation marks omitted). Here, the ALJ's articulation is not merely inartful, it is nonexistent. Plainly, remand is required.[7]

## IV. ORDERS

**THEREFORE IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is reversed;

2. That this case is remanded to the ALJ, who is directed to

    a. Obtain the opinion of a medical expert on medical equivalence with respect to plaintiff's migraine headaches;

---

[7] By this decision, I do not find or imply that plaintiff is or should be found to be disabled. Plaintiff does not request a directed award of benefits, and this case does not represent an appropriate circumstance for the exercise of my discretion in that regard in any event. **See Nielson v. Sullivan**, 992 F.2d 1118, 1122 (10th Cir. 1993).

b. Reconsider her determination at step three of the sequential evaluation with respect to whether plaintiff's migraines are medically equivalent to a listed impairment;

   c. Contact any treating or examining physician for further clarification of their findings, seek the testimony of medical experts, order consultative examinations, or otherwise further develop the record as she deems necessary;

   d. Reevaluate plaintiff's residual functional capacity and reassess whether plaintiff can perform her past relevant work, proceeding to step five, if necessary; and

   e. Reassess the disability determination; and

3. That plaintiff is awarded her costs, to be taxed by the clerk in the time and manner required under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated March 23, 2020, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge